IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-287-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| JAMES BERNARD GODWIN, JR., | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a five-count indictment on 29 August 2012 with: distribution of a quantity of cocaine base (*i.e.*, crack) on or about 24 February 2012 (ct. 1), 27 February 2012 (ct. 2), and 28 February 2012 (ct. 3) in violation of 21U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime on 28 February 2012 in violation of 18 U.S.C. § 924(c)(1) (ct.4); and distribution of 28 grams or more of crack cocaine on 27 March 2012 in

violation of 21 U.S.C. § 841(a)(1). The evidence presented at the hearing showed that the charges arise from a series of controlled purchases of crack cocaine and, in the one instance, a firearm as well from defendant by a confidential informant on the alleged offense dates. All the transactions were audio and video recorded. In addition to these transactions, a confidential informant purchased a firearm from defendant on 19 April 2012.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant presented sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including their multiplicity and relative recency; defendant's criminal record which, while not a serious one, does include two marijuana and one assault on a female misdemeanor convictions; defendant's marijuana habit; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from home for work and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his history of employment. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 10th day of September 2012.

_____
James E. Gates
United States Magistrate Judge

P:\Gates\Criminal\Detention Orders\Godwin Detention Order (presumption) 9-10-12.docx